UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-83-DLB

OCTAVIUS MYRON JOHNSON                                              PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

WARDEN R. MAZA                                                      RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate/Petitioner Octavius Myron Johnson is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the Federal Bureau of Prisons' (BOP's) calculation of his sentence. (*See* Doc. # 1).

This matter is before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Johnson's petition without prejudice because it is plainly apparent from the face of his petition that he has not yet fully exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with

1

the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Johnson has not yet fully exhausted his administrative remedies. After all, Johnson makes it clear that he only pursued the matter in question with the Warden on August 7, 2025, shortly before signing and mailing his habeas petition to this Court. (Doc. # 1 at 4; Doc. # 1-1 at 1). This does not constitute full exhaustion. To fully exhaust his administrative remedies, Johnson must now use a BP-10 Form to file an appeal with the applicable Regional Director, and then, if necessary, he must use a BP-11 Form to appeal to the General Counsel. Since Johnson has neither completed these steps nor identified any legal authority that would allow him to bypass the rest of the administrative grievance process, his § 2241 petition is, at best, premature. Ultimately, in this situation, where a petitioner's failure to fully exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

(1)    Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice. Johnson may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies, including completing the BP-10 and BP-11 steps described above;

2

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 9th day of September, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Johnson 0-25-083 Memorandum.docx